___ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

FEB 7 2011

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

DEPUTY

# EXHIBIT A:
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

At all times relevant to this case, defendant **WILLIAM WELLS**, was a resident of Silver Spring, Maryland. Between 2005 and 2009, Special Agents of the Department of Homeland Security's Bureau of Immigration and Customs Enforcement conducted a national investigation of individuals who purchased memberships to websites that advertised and offered access to images of children engaged in sexually explicit conduct. **WELLS** purchased access to websites under investigation for advertising and distributing child pornography.

In August of 2006, a federal search warrant was executed at the defendant's residence after he was identified as an individual that purchased access to a website under investigation. During this time, **WELLS** was interviewed and confessed to having paid for access to the site and to utilizing wiping software to delete files from his computer. During a forensic examination of the computer seized from the residence, evidence of a wiping software program was found on the computer. There were no images of child pornography found on the computer, however, evidence was identified in the form of a confirmation email and Usenet newsgroup sites that **WELLS** was seeking Internet forums that advertised images of children engaged in sexually explicit conduct.

In November of 2007, **WELLS**, using his roommate's credit card and identification, attempted to purchase access to child pornography from "CP Company," a Russian based payment processing company that handled incoming payments for the "CP Company" website. CP Company sold hardcore child pornography on the Internet in a variety of formats, to include images located on secure websites.

In May of 2008, **WELLS** purchased access to a website titled "illegal.cp," which advertised access to child pornography. **WELLS** provided credit card information, a home address, and an email address belonging to his roommate to complete the transaction for a 30 day membership. The website sold access through memberships to a gallery of image and video files depicting children engaged in sexually explicit conduct.

During his 30-day membership, **WELLS** accessed the website over eleven different times and accessed the following files, among others:

* Asia011.jpg, which depicts an adult male engaged in sexual intercourse with a pubescent female.

* Asia286.jpg, which depicts a pubescent female bound by duct tape performing oral sex on an adult male.

* Asia011.jpg, which depicts an adult male engaged in sexual intercourse with a pubescent female.

* Asia286.jpg, which depicts a pubescent female bound by duct tape performing oral sex on an adult male.

* Brasil024.jpg, which depicts an adult male kneeling behind a pubescent female attempting to perform sexual intercourse.

On June 3, 2009, agents executed a federal search warrant at the defendant's residence. **WELLS** confessed to accessing child pornography websites and purchasing memberships using a credit card belonging to his roommate. He also advised that he preferred viewing images of females in age range of 14-16 years old. **WELLS** also stated that he joined four or five child pornography membership restricted websites and would look at the pictures, not saving any of the files on his computer, but rather downloading them and then deleting them after he viewed them. The defendant also advised that he masturbated to the images of "the older girls" and understood that he was supporting the production of these images. **WELLS** admitted to attempting to make a purchase from the website "CP Company," however, after wiring money, he received nothing in return.

During the search, the defendant's computers were seized and forensically examined. The computer identified by **WELLS** as his computer had approximately 233 images depicting children engaged in sexually explicit conduct. The images downloaded onto the defendant's computer were transported through the Internet and therefore traveled in interstate commerce.

\* \* \* \* \*

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. I do not wish to change any part of it.

_1-7-11_
Date

_William E. Wells_
William Wells

I am William Wells' attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

_1/7/11_
Date

_Marc Emden_
Marc R. Emden, Esq.

2